IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL C TIERNEY,

      Plaintiff,

v.                                    CASE NO.1:14-cv-42-MP-GRJ

JOHN P JOHNSON,
et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff Michael C Tierney, a prisoner presently confined at North Florida Evaluation and Treatment Center (NFETC), initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper and appointment of counsel.  Docs. 1, 2, 3.  Plaintiff is in custody pending criminal charges in Sarasota County, and has been transferred to NFETC for competency evaluation in connection with the pending charges.  *See Tierney v. Sarasota County Jail*, Case. No. 1:14-cv-33-MP-GRJ (Doc. 4, 3/13/2014, R&R).  The Complaint asserts that Plaintiff is being subjected to involuntary treatment and medication at NFETC.  Doc. 1.

    Plaintiff is not entitled to bring this case *in forma pauperis* because he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or

failed to state a claim upon which relief may be granted.[1]  Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).   General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

---

[1]*See See Tierney v. Sarasota County Jail*, Case. No. 1:14-cv-33-MP-GRJ (3/13/2014) (R&R recommending dismissal pursuant to three strikes bar); *Tierney v. Kasper,* Case No. 8:14-cv-441-T-23TBM, Doc. 4 (M.D. Fla. Feb. 25, 2014) (imposing three-strikes bar and citing Plaintiff's nine previous Middle District dismissals that qualify as strikes or in which the three-strikes bar was imposed).

Liberally construed, the Complaint as a whole does not allege facts showing that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement.  Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED,** that appointment of counsel should be **DENIED**, and that this case should be  **DISMISSED WITHOUT PREJUDICE** pursuant to the *Younger* doctrine and pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 27th day of March 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**